# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br>GREGORY SMITH<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)          23-mj-42<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 4, 2023__ in the parish of __Orleans__ in the __Eastern__ District of __Louisiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1), (b)(1)(A) | Possession with intent to distribute heroin |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

/s/ Steven Brens
*Complainant's signature*

Steven Brens, TFO, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/5/2023

*Judge's signature*

City and state: New Orleans, Louisiana         Hon. Michael B. North, United States Magistrate Judge
*Printed name and title*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 23-mj-42 |
| v. | * | SECTION: MAG |
| **GREGORY SMITH** | * | |

\* \* \*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven M Brens, a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), being duly sworn, do hereby depose and state:

### INTRODUCTION AND TASK FORCE OFFICER BACKGROUND

1. I am a TFO with the DEA and have been since March 2017. I am currently assigned to the DEA New Orleans Field Division ("NOFD"), where I am a member of a multi-agency Task Force. I have been a Louisiana Peace Officers Standard Training ("P.O.S.T.") Certified Police Officer with the Jefferson Parish Sheriff's Office since 2008. Prior to my employment with the Jefferson Parish Sheriff's Office, I was a P.O.S.T. Certified Police Officer with the St. Charles Parish Sheriff's Office, beginning in 2004. In connection with my official duties, I have conducted and participated in narcotics investigations involving physical and electronic surveillance, executions of search warrants, Title III investigations, debriefing and directing cooperating sources, review of telephonic toll records and analysis, international and domestic controlled deliveries, and the arrests of drug traffickers. Additionally, I have spoken with experienced narcotics investigators concerning the methods and practices of narcotics traffickers. Through my training, experience and interaction with other Task Force Officers, Special Agents, and other narcotics investigators, I have become familiar with narcotic traffickers' methods of operation, including the distribution, transportation, collection of proceeds and methods of laundering used

in an attempt to conceal the nature of narcotic related proceeds. Through these interactions I have become familiar with and developed an understanding for the manner in which controlled substances are imported, manufactured, distributed, and sold, to include the methods of avoiding detection and apprehension by law enforcement officers. I am familiar with the manner in which narcotics traffickers use wireless communication equipment such as cellular telephone technology, coded communications, false identities, and counter surveillance to determine the presence of law enforcement and other means to facilitate their illegal activities and avoid detection or mislead a narcotics investigation.

2. The facts outlined below offered in support of this complaint are based upon the personal knowledge of your affiant and information relayed to me by confidential sources, other law enforcement agents and the other investigating agents of the DEA.

3. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), have been committed by Gregory SMITH.

**PROBABLE CAUSE**

4. On May 3, 2023, the Honorable Michael B. North, Chief Magistrate Judge of the United States District Court for the Eastern District of Louisiana signed a search warrant authorizing a search of 502 Pinecrest Court, Slidell, Louisiana ("SMITH's residence"), which was the known residence of SMITH. The search warrant application was supported by an affidavit of your Affiant, Steven M Brens, a TFO with DEA.

5. On May 4, 2023, members of the Drug Enforcement Administration (DEA) Special Response Team (SRT), Slidell Police Department ("SPD"), DEA HIDTA and Task Force Group III, and other law enforcement personnel executed the aforementioned search warrant at SMITH's

residence. SMITH's residence is a single story, single family residence with an attached garage consisting of four bedrooms and two baths. Pursuant to the search, agents located the following items in the garage: approximately 254.3 grams of a white powdery substance, suspected to be fentanyl, approximately 10,957.3 grams of a compressed hardened dark brown substance, suspected to be heroin containing fentanyl, a hand mixer with a white and brown powdery residue, multiple blender and plastic blender cups each containing suspected drug residue, a machine press ("kilo-press") used to press drugs into hardened packages for resale, a vacuum sealer and vacuum sealer bags, and other assorted drug paraphernalia utilized for processing, weighing and packaging narcotics. Additionally, in the garage area, agents located and seized a suppressed Masterpiece Arms MPA Defender, 9mm semi-auto submachine gun, serial number FX36818, with an extended magazine that contained 9mm caliber cartridges.

6. Through an N.C.I.C. criminal history check, your Affiant learned that since at least 2001, **SMITH** has multiple felony arrests for drug law violations in Louisiana and Georgia. On January 10, 2019, JPSO arrested **SMITH** for Possession with Intent to Distribute Marijuana. On July 17, 2019, **SMITH** pled guilty to Possession with Intent to Distribute Marijuana less than 2.5 lbs., in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana. As part of his plea agreement, **SMITH** received a sentence of two years at hard labor with the Louisiana Department of Corrections, two years suspended, two years supervised release and a five hundred dollar fine. Based on **SMITH's** felony drug conviction, **SMITH** is prohibited from owning and possessing a firearm.

7. In the owner's suite closet agents located a cardboard box containing an unknown amount of bulk U.S. currency (suspected drug proceeds), approximately 6.7 grams of an off-white rocklike substance, suspected to be crack cocaine, and 1.2 grams of vegetative matter, suspected

marijuana. In the laundry room area, on the shelf agents located a square tin container which contained approximately 15.6 grams of a mushroom like matter, suspected psilocybin mushrooms. Finally, agents seized two vehicles SMITH used during his trafficking of narcotics: one (1) 2019 Chevrolet Corvette ZR6, and one (1) 2017 Maserati Levonte.

8. Your Affiant conducted a preliminary chemical test on several small reference samples of the compressed hardened dark brown substance. However, the results were non-conclusive due to the substance most probably containing fentanyl. Your Affiant noticed that the consistency of the compressed dark brown substance is similar to the consistency of heroin, possibly containing fentanyl. Your Affiant is aware that a heroin/fentanyl mixture has a similar consistency and appearance to a heroin/fentanyl mixture regularly distributed in the Ninth Ward of New Orleans, LA. Your Affiant also noticed that the odor emitting from the suspected heroin/fentanyl was that of a vinegar odor, which is generally consistent with the odor of heroin.

9. My understanding of DEA policy is that, for safety reasons, agents are generally not authorized to conduct a preliminary chemical test on substance suspected of containing fentanyl, without the use of a vent hood or a certified agent assigned to operate a Spectrometer.

10. During a post arrest interview, after being advised of his Miranda rights, SMITH elected to speak with your Affiant and two other Task Force Officers assigned to DEA Task Force Group III. During the conversation, SMITH admitted that the compressed hardened dark brown substance found throughout the residence was heroin and he had obtained the suspected heroin the previous day. Based on your Affiant's training, experience and knowledge in this investigation, I believe the large amount of compressed hardened dark brown substance is heroin containing fentanyl.

11. Gregory SMITH was then transported to the St. Charles Parish Correctional Center and booked accordingly.

12. Based on the above facts, your Affiant respectfully requests that probable cause be found for the charge of Possession with Intent to Distribute One Kilogram or More of Heroin, in violation of Title 21 USC §§ 841(a)(1), (b)(1)(A).

/s/ Steven Brens
Steven Brens
Task Force Officer
Drug Enforcement Administration

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn and subscribed before me
this __5th__ day of May, 2023
at __9:40__ a.m.,
at New Orleans, Louisiana.

_____
HONORABLE MICHAEL B. NORTH
UNITED STATES CHIEF MAGISTRATE JUDGE

5